# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASAN TOWNSEND, : | |
| : | Civil No. 3:11-CV-745 |
| Petitioner, : | |
| : | (Judge Kosik) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| DAVID J. EBBERT, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

**I.      Statement of Facts and of the Case**

In this case, Rasan Townsend, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc.1.) Townsend is an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, where he is presently serving a 235-month federal firearms sentence that was imposed upon him in the United States District Court for the Eastern District of Pennsylvania in 2001. In his petition, Townsend seeks to challenge this conviction and sentence, alleging that he received ineffective assistance of counsel in his underlying criminal prosecution. Townsend's §2241 habeas petition candidly acknowledges that the Petitioner has previously appealed this conviction and sentence, (Doc. 1, ¶8), and further recites that Townsend previously unsuccessfully litigated a separate claim of ineffective assistance of counsel before the United States District Court for the

Eastern District of Pennsylvania on a petition to vacate sentence brought pursuant to 28 U.S.C. §2255. (Doc. 1, ¶12.)

Townsend's reference in this §2241 petition to the remedies available to a federal prisoner from the court which presided over the prisoner's initial trial and conviction under 28 U.S.C. §2255 is particularly appropriate here since our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Eastern District of Pennsylvania as a petition under 28 U.S.C. §2255. Therefore, we recommend that this petition either be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania for consideration as a motion vacate sentence under 28 U.S.C. § 2255.

**II.     Discussion**

    **A.     This Petition Should Either Be Dismissed or Transferred to the United States District Court for the Eastern District of Pennsylvania**

In this case, we find that the Petitioner has not made out a valid case for pursuing habeas relief in this District in lieu of a motion to vacate sentence filed in the district of conviction under 28 U.S.C. § 2255. This showing is a prerequisite for a successful habeas petition in this particular factual context. Therefore, since the Petitioner has not made a showing justifying habeas relief at this time, this petition

is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to vacate or correct a federal prisoner's sentence, would be appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," is by way of a motion filed under 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed

3

under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion which is filed in the court of conviction "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus,

federal inmates who wish to challenge the lawfulness of their convictions or sentences must typically file motions under § 2255 in the court of conviction.

This general rule admits of only one, narrowly-tailored, exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241, in lieu of a motion under §2255, only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the

petition may be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the Petitioner makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the Petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251.

Townsend's petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Quite the contrary, Townsend's petition candidly explains that he seeks to attack his conviction in the United States District Court for the Eastern District of Pennsylvania based upon alleged ineffective assistance of counsel, and acknowledges that Townsend previously litigated an ineffectiveness claim in a properly filed §2255 motion filed in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, ¶12.) Cases construing Dorsainvil, and interpreting the interplay between the relief

provided to federal prisoners under §2255, and the remedy conferred by the writ of habeas corpus under §2241, agree that "Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'" Piggee v. Bledsoe, 2011 WL 179688, *2 (3d Cir. Jan. 20, 2011). See, e.g., Marmolejos v. Holder, 358 F. App'x 289 (3d Cir. 2009); Carter v. White, 50 F. App'x 96 (3d Cir. 2002). Instead, such ineffectiveness claims are precisely the paradigm of the type of federal prisoner petition which must be addressed by the court of conviction under 28 U.S.C. §2255. Id. Thus, Townsend's current § 2241 petition–which seeks relief in this district based upon alleged ineffective assistance of counsel after being rebuffed on similar claims in the district of conviction–seems explicitly premised on a notion of judge-shopping, a desire to re-litigate similar claims in multiple forums. Such a claim is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal conviction, and, therefore, this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Recognizing that this matter is not appropriately brought before this Court, we acknowledge that the petition could be dismissed in its entirety. In addition, we note that the petition could also be transferred to the United States District Court for the Eastern District of Pennsylvania, so the district court which presided over the trial, conviction, sentence, and initial §2255 proceedings involving Townsend may also

7

consider this petition. Federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, in the past when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a conviction and sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. Specifically, in two cases where the resolution of the petitions challenging the BOP's collection of restitution payments through its Inmate Financial Responsibility Program required an inquiry into the information before the sentencing court about the petitioners' finances at the time the sentencing court ordered restitution, the cases were transferred to the jurisdiction of the sentencing courts for proper resolution. See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v.

8

Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g., See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404 are fully satisfied. At the outset, it is apparent that the Eastern District of Pennsylvania is another district where this claim might have been brought through a motion under 28 U.S.C. §2255. Indeed, the Eastern District of Pennsylvania is the most appropriate venue for this particular challenge to Townsend's conviction and sentence, and was the venue previously chosen by Townsend to litigate his prior ineffective assistance of counsel claims.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the Eastern District of Pennsylvania would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C.

9

§1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . .determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Finally, we note that an order transferring this case to the district of conviction for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, Townsend invites this Court under the guise of a habeas petition to consider a question that is properly brought to the United States District Court for the

Eastern District of Pennsylvania through a motion to vacate sentence under 28 U.S.C. §2255. We should decline this invitation, given that Townsend has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should either dismiss this petition or transfer this petition to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404 so that court may address this petition.[1]

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, pursuant to 28 U.S.C. § 1404, that this case be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the

---

[1] Of course, we express no views regarding whether this matter is appropriately brought as a second or successive petition under § 2255, leaving that question to the sound discretion of either the court of conviction, the United States District Court for the Eastern District of Pennsylvania, or the court of appeals, which has statutory responsibilities for passing upon the legal sufficiency of second or successive § 2255 petitions. See 28 U.S.C. §§2244 and 2255(h).

proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: April 21, 2011