UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RASAN TOWNSEND,
        Petitioner,

vs.

DAVID J. EBBERT,
        Respondent.

Civil No. 3:11-CV-0745

(Judge Kosik)

FILED
SCRANTON
MAY 2 3 2011
Per_____
DEPUTY CLERK

### MEMORANDUM AND ORDER

AND NOW, THIS 23rd DAY OF MAY, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Rasan Townsend, a prisoner confined at the Federal Correctional Institution, Allenwood, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 19, 2011. (Doc. 1);

(2) In his petition, petitioner raises claims of ineffective assistance of counsel regarding failure to investigate;

(3) The action was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(4) On April 21, 2011, the Magistrate Judge issued a Report and Recommendation (Doc. 3) wherein he recommended that the case be dismissed or transferred to the United States District Court for the Eastern District of Pennsylvania;

(5) Specifically, the Magistrate Judge points out that petitioner acknowledged that he appealed his conviction and sentence and that he filed a previous claim of ineffective assistance of counsel in a petition to vacate sentence pursuant to 28 U.S.C. § 2255, both of which were unsuccessful. Further, the Magistrate Judge indicates that petitioner's exclusive remedy to pursue the instant claims is not § 2241, but § 2255, since relief under § 2255 would not be an ineffective or inadequate remedy;

(6) On May 5, 2011, petitioner filed a Motion in Opposition to the Report and Recommendation (Doc. 6), wherein he alleges actual innocence of the charged offense;

AND, IT FURTHER APPEARING THAT:

(7) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(8) While we recognize that petitioner is alleging actual innocence in the context of ineffective assistance of counsel, the Magistrate Judge is correct in finding that the proper vehicle for raising such a claim is a motion pursuant to 28 U.S.C. § 2255. However, because petitioner has already unsuccessfully filed a § 2255 motion in the United States District Court for the Eastern District of Pennsylvania, the Petitioner's recourse to raise such a claim lies in the United States Court of Appeals for the Third Circuit, wherein Petitioner must seek certification to file a second or successive motion in the district court. 28 U.S.C. § 2255 (h)(1); 28 U.S.C. § 2244.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated April 21, 2011 (Doc. 3) is **ADOPTED** in part;

(2) The Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**;

(3)     The Clerk of Court is directed to close this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and

(4)     Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge